### ELIZABETH C. MERRITT
vs.
### TOWN PLANNING COMMISSION

Superior Court      Fairfield County      File #45910

Present: Hon. CARL FOSTER, Judge.

Cressy, Bartram,
   Melvin & Sherwood,      Attorneys for the Plaintiff.

Wright, Hirschberg,
   Pettengill & Strong,      Attorneys for the Defendant.

MEMORANDUM FILED APRIL 10, 1935.

FOSTER, J.   In this case the Court has been greatly aided by the zealous research of the law and comprehensive briefs submitted by counsel for the appellant and appellee.   The questions submitted are not simple, nor are there decisions of cases exactly similar to those here presented.   Since counsel are so familiar with the cases quoted and cited by both appellant and appellee, I refrain from other than necessary quotation and citation.

In 1933 the Legislature of this state created in and for the Town of Greenwich a "Town Plan Commission".   **Special Acts of 1933, page 1010 et seq.**   Pertinent parts of this Act are as follows:

"Sec. 1.   'Subdivision' means the division of a lot, tract or parcel of land into two or more lots, plats, sites or other divisions of land for the purpose, whether immediate or future, of sale or of building development.

"Sec. 10.   The planning commission shall adopt regulations governing the subdivisions of land within the town.

"Sec. 11.   No plat of a subdivision of land within the town shall be filed or recorded until it shall have been approved by the planning commission and such approval entered in writing on the plat by the chairman or secretary of the Commission.

"Sec. 12.   The Commission shall approve or disapprove a plat within thirty days after the submission thereof to it, otherwise such plat shall be deemed to have been approved, and a certificate to that effect shall be issued by the Commission on demand; provided the applicant for the Commission's approval may waive this requirement and consent to an extension of such period.   The ground of disapproval of any plat shall be stated upon the records of the commission.   Any applicant aggrieved by any decision of said commission may appeal from such decision within the same time and in the manner provided for appeals from the board of appeals under **Section 429** of the general statutes."

On July 2nd, 1934, counsel for the appellant addressed a communication to the Town Plan Commission which is in part as follows:

"I submit herewith a map prepared by S. E. Minor & Co., Inc., dated July 2nd, 1934, certified by J. W. Cone and entitled 'portion of property, Elizabeth C. Merritt, Greenwich, Conn.'

"I represent Miss Merritt, and she plans to sell a piece of property conveying a frontage of 50 feet on Cherry Street, so-called, and a depth of 150 feet, the greater part of which is below the U. S. Mean High Water Line and I respectfully ask your Commission to approve the sale.

"I understand that approval is necessary, because technically the sale of the piece of property as contemplated constitutes a subdivision."

This letter was accompanied by a map showing property of the appellant, a part of which she proposed to set apart and sell.

By the stipulation on file the plot proposed to be set apart is generally described as follows:

"Included in said mud flats and uplands is a rectangular piece of land having a 50-foot frontage on the West side of Cherry Street and being 150 feet deep. This tract is described in Paragraph 3 of the Application and is outlined on both of the maps submitted with the Return of the Town Plan Commission. At normal high tide that portion of said rectangular strip that consists of mud flats is covered with tide water to an average depth of $2\frac{1}{2}$ feet. On the normal ebb and flow of the tide said mud flats are covered with water about 40% of the time and uncovered about 60% of the time, the general level thereof being substantially 4.9 feet above the normal low water mark. The level of the mud flats adjoining said rectangular strip on all sides of it, is substantially the same as that of the mud flats within said strip, except along the 'Storm Drain Channel' shown on said map."

On July 5, 1934 The Town Plan Commission caused to be sent to the appellant a letter in part as follows:

"According to my notes taken as an observer at the Town Plan Commission Meeting on July 2, 1934, I was requested to inform you that the application for Subdivision of portion of the property of Elizabeth C. Merritt, as shown on the map submitted by you, could not be accepted for filing as being complete, inasmuch as there is an element of mystery involved due to the fact the riparian rights are not described or shown."

On July 23rd, 1934, the appellant caused to be sent to The Town Plan Commission a letter in part as follows:

"I am leaving at your home today together with this letter a map entitled, 'Property of Elizabeth C. Merritt, Greenwich, Conn., situated West of Cherry Street,' pre-

pared by S. E. Minor & Co., Inc., certified substantially correct by J. W. Cone and dated July 20, 1934. This map is in connection with Miss Merritt's application for the approval by The Town Planning Commission of Greenwich of the proposed subdivision shown on the map, and I of course am writing you as Chairman of the Commission."

On August 6, 1934, The Town Plan Commission ordered a public hearing to be held on the application of the appellant on August 22, 1934. On August 22, 1934, such hearing was held at which the appellant was represented by counsel, who took an active part in the hearing. On August 22, 1934, after the public hearing had been concluded The Town Plan Commission denied the petition on the following grounds:

"Petition asks authority to create a plot of which approximately two-thirds of the area exists only in a form of riparian rights and not in the form of real estate which has actually been reclaimed.

"Because of the fact that so large a portion of the proposed subdivision involves riparian rights and not real estate actually in existence, the Commission denied the petition."

From this decision the appellant has appeal to this Court.

The appellant claims that since her petition was filed with The Town Plan Commission on July 2nd, and was not disapproved within thirty days after its submission thereof to it, the plat should be deemed to have been approved. The appellee claims that the appellant waived the requirements of the law that the plat should be approved or disapproved within thirty days after its submission and consented to the extension.

A map is a necessary part of an application such as the one under consideration. On July 5th the appellant was notified that the map she had submitted was not acceptable to the Commission. Since the map is an integral part of the application, the Commission in effect disapproved the application in its meeting held on July 2nd, and the appellant was so advised. From this action of the Town Plan Commission no appeal has been taken.

On July 23rd the appellant acknowledged the action of The Town Plan Commission in the letter of her counsel accompanied by a new map. In this letter counsel says:

"This map is in connection with Miss Merritt's application for the approval by the Town Plan Commission of

the proposed subdivision shown on the map."

In this letter the map to which reference is made is the map accompaning the letter. Here then was a new application. Strict compliance with the law might have led the appellant to refile her application of July 2nd with this new map. This the Commission apparently waived and considered that the map filed July 23rd, coupled with the petition filed July 2nd, constituted a new application.

The appellant claims that the filing of the second map did not constitute a waiver, because by such filing she relinquished no known rights, since thirty days had not passed since July 2nd. The fact is, however, that since the first map had been disapproved, the application was not complete until the filing of the second map on July 23rd.

I hold that The Town Plan Commission had thirty days from July 23rd in which to act upon the application consisting of the petition filed July 2nd and the map filed July 23rd.

On August 22nd The Town Plan Commission denied the application for a reason that I here repeat:

"Petition asks authority to create a plot of which approximately two-thirds of the area exists only in a form of riparian rights and not in the form of real estate which has actually been reclaimed.

"Because of the fact that so large a portion of the proposed subdivision involves riparian rights and not real estate actually in existence, the Commission denies the petition."

The reason given by The Town Plan Commission for denying the appellant's application is not incorporated in any of the rules of procedure regularly adopted by The Town Plan Commission. The appellant claims that since the reason moving the Commission in its action was not in accordance with a legally adopted rule known to the public, its action was illegal and void. But the Commission claims that it had no jurisdiction over the subject matter of the application, and that the reason stated for denial of the application was in effect a statement and a finding of lack of jurisdiction. The Commission claims that it has jurisdiction over land, but that it has no jurisdiction over riparian rights which are a part of the subject matter of the application. If it be so that The Town Plan Commission had no jurisdiction over the subject matter of the application, then it follows that it was not required to base its denial of the application upon any rule adopted and published. It was simply without power to approve the ap-

plication. It might have been better practice for The Town Plan Commission in denying the application to have given for its reason its lack of jurisdiction, but from a statement of facts constituting a lack of jurisdiction the lack of jurisdiction may be fairly concluded as the reason.

It is conceded that about two-thirds of the plot that the appellant desired to sever from her whole property consisted of mud flats or riparian rights. A careful examination of the Legislative Act creating a Town Plan Commission discloses that its jurisdiction is over land. The appellant claims that mud flats or riparian rights are land and submits various authorities in support of this contention. The strongest case in support of the petition of the appellant on this point appears to be **Town of Orange vs. Resnick, 94 Conn., 573,** where at **Page 581** the Court, quoting from **Ladies' Seamen's Friend Society vs. Halstead, 58 Conn., 144,** says that this class of property is "property in the nature of realty—is in fact real estate." This, however, is not a holding that it is "land". Land has been variously defined and described, but, strictly speaking, it does not include the earth between high and low water marks of Long Island Sound. In the Legislative Act not only does "land" appear as the subject matter of the jurisdiction of the Town Plan Commission, but a complete reading of the Act leads to the conclusion that the Legislative intent was that the jurisdiction of The Town Plan Commission should be confined to land in its strict legal significance.

The appellant complains that even if the Town Plan Commission had no jurisdiction over the mud flats, it should have assumed jurisdiction over the upland and approved the subdivision of that part. The appellant did not petition for approval of a subdivision of upland; she petitioned for a subdivision of a tract fifty feet by one hundred and fifty feet of which two-thirds was mud flats. The petition was not divisible, certainly not by the Commission.

The appellant complains that The Town Plan Commission denied its jurisdiction and yet assumed jurisdiction to deny the application—a paradoxical position. The petitioner asked approval of her proposed division. The Commission refused such approval—denied the petition for such approval. This is not paradoxical to its position of lacking jurisdiction.

The appeal is denied and dismissed.